JANCIS L. FULLER *v.* COMMISSIONER OF
CORRECTION
(AC 26017)

Schaller, Gruendel and Harper, Js.

Argued December 2, 2005—officially released February 14, 2006

*Jancis L. Fuller,* pro se, the appellant (petitioner).

*Sarah Hanna,* special deputy assistant state's attorney, with whom, on the brief, were *Christine Collyer,* special deputy assistant state's attorney, *Matthew C. Gedansky,* state's attorney, and *Angela R. Macchiarulo,* assistant state's attorney, for the appellee (respondent).

---

*Opinion*

PER CURIAM. The petitioner, Jancis L. Fuller,[1] appeals following the habeas court's denial of her petition for certification to appeal from the judgment dismissing her amended petition for a writ of habeas corpus. We dismiss the appeal.

The defendant was convicted of two counts of attempt to commit assault in the first degree and one count of carrying a pistol or revolver without a permit. This court affirmed the judgment of conviction. *State* v. *Fuller*, 56 Conn. App. 592, 744 A.2d 931, cert. denied, 252 Conn. 949, 748 A.2d 298, cert. denied, 531 U.S. 911, 121 S. Ct. 262, 148 L. Ed. 2d 190 (2000). In 1998, the petitioner, alleging ineffective assistance of counsel, filed a petition for a writ of habeas corpus. The court dismissed the petition on the ground of the petitioner's failure to prosecute the action with reasonable diligence. This court affirmed the dismissal. *Fuller* v. *Commissioner of Correction*, 75 Conn. App. 814, 817 A.2d 1274, cert. denied, 263 Conn. 926, 823 A.2d 1217 (2003).

In 2004, the petitioner filed the present petition for a writ of habeas corpus. On June 10, 2004, the respondent commissioner of correction filed a motion to dismiss the action on the ground that the petitioner had abused the writ. The respondent argued that the petitioner had reasserted legal claims that she raised in the first petition, changing only the factual basis of the claims, and that she could have raised these claims in her first petition. See *McCleskey* v. *Zant*, 499 U.S. 467, 489, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) ("petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice").

---

[1] The petitioner appeared pro se before the habeas court and before this court.

On August 18, 2004, the court held a hearing on the respondent's motion to dismiss. The petitioner presented ample evidence and argument in opposition to the respondent's motion. In an oral ruling, the court concluded that the petition essentially set forth the same claims, "in a reformulated or reworded fashion," as those that appeared in the petitioner's prior petition. The court further concluded that to the extent that the petition contained newly presented claims, the petitioner had had a full and fair opportunity to present those claims in her prior petition for a writ of habeas corpus.[2] The court dismissed the petition on the grounds of abuse of the writ and procedural default. The court subsequently denied the petition for certification to appeal.

The petitioner bears the burden of demonstrating that the court abused its discretion in denying her petition for certification to appeal. The petitioner claims that she was entitled to a hearing on the merits for all of the claims raised in her petition for a writ of habeas corpus and that the court improperly granted the respondent's motion to dismiss her petition. We carefully have reviewed the record, the court's ruling and the briefs submitted by the parties. The petitioner has not demonstrated that the issues raised with regard to the court's dismissal of her petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). Having failed to satisfy any of those criteria, the petitioner

---

[2] The court also concluded that to the extent that the petitioner had raised a claim of actual innocence, she failed to substantiate her claim with newly discovered evidence and, to the extent that she had challenged the legality of her sentence, that she was barred from raising such a claim for the first time in the present action.

has failed to demonstrate that the court's denial of her petition for certification to appeal reflects an abuse of discretion. See *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.