## HAKIM R. JEFFERSON v. COMMISSIONER OF CORRECTION
## (AC 33240)

Lavine, Robinson and Bear, Js.

---

Argued April 17—officially released August 6, 2013

*Mary Boehlert,* assigned counsel, for the appellant (petitioner).

*Melissa L. Streeto,* senior assistant state's attorney, with whom, on the brief, were *David I. Cohen,* state's attorney, and *Angela R. Macchiarulo,* senior assistant state's attorney, for the appellee (respondent).

### Opinion

PER CURIAM. The petitioner, Hakim R. Jefferson, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal the petitioner claims that the habeas court abused its discretion by denying (1) his petition for certification to appeal and (2) his petition for a writ of habeas corpus. We dismiss the appeal.

The following facts and procedural posture are relevant to this case. The petitioner was convicted of murder in November, 2003, and sentenced to fifty years imprisonment. On his direct appeal, this court described

the offense: "In early May, 2002, the [petitioner] witnessed an argument between his friend, David Wash, and the victim, a man he had never met before, on Stillwater Avenue in Stamford. Approximately one week later, on May 11, 2002, the [petitioner] and Wash went to a Stamford nightclub called Sonny's Cafe. They arrived at the club between 12:15 and 12:30 a.m. Shortly thereafter, the [petitioner] noticed that the victim was also at the club. The victim 'was staring at [Wash and the petitioner] in a provoking manner.' This made the [petitioner] 'nervous and scared . . . that [the victim] was going to do or say something to [him].' The [petitioner] left the club and waited outside until closing time. . . . At approximately 2 a.m., the [petitioner] saw the victim leaning on a vehicle parked in front of the club. The victim stared at the [petitioner] and Wash and then approached a group of men as he pointed at the [petitioner]. The victim said to the group: 'I'm [going to] set it on these guys. Watch my back.' The victim walked away, heading up the street and away from the club.

"The [petitioner] followed the victim, pulled out his loaded gun and fired two gunshots in the victim's direction. The victim began to run, with the [petitioner] chasing him and firing three more gunshots from about three to four feet away. Those three bullets hit the victim, causing him to collapse to the ground in the middle of the road. The [petitioner] stood over the victim and fired two more gunshots at point blank range into the victim's body. The [petitioner] fired a total of seven gunshots at the victim. The medical examiner found evidence of five gunshot wounds on the victim's body, all of which were located in the back portion of the trunk area." *State* v. *Jefferson*, 114 Conn. App. 566, 567–68, 970 A.2d 797, cert. denied, 292 Conn. 921, 974 A.2d 722 (2009).

Following the close of evidence at trial, defense counsel represented to the court that he was not pursuing any of the lesser included offense charges originally contained in his initial request to charge. A discussion between the court and counsel "ensued regarding two lesser included offenses that were not included in that document, namely, intentional manslaughter in the first degree with a firearm . . . and reckless manslaughter in the first degree with a firearm . . . . The parties specifically agreed that, given the nature of the murder and the evidence produced at trial, the jury should be instructed on [reckless manslaughter]. Defense counsel represented that he did not intend to request an instruction on [intentional manslaughter], as he believed there would be no practical advantage in arguing to the jury that the [petitioner] possessed inconsistent mental states." Id., 569. Thereafter, the court charged the jury on the lesser included offense of reckless manslaughter. No exceptions to the charge were taken by either party. The jury returned a verdict finding the petitioner guilty of murder. Id., 571–72.

The petitioner failed to appeal from his conviction in a timely manner, but filed a self-represented petition for a writ of habeas corpus on May 17, 2004 (first habeas). The petition included a number of trial-related issues, including ineffective assistance of trial counsel. Sometime thereafter, Genevieve Salvatore (first habeas counsel) was appointed to represent the petitioner in his first habeas case. Due in part to miscommunication between first habeas counsel and the petitioner, the first habeas court never adjudicated the petitioner's trial-related claims. The case concluded with a stipulated judgment and restoration of the petitioner's rights to a direct appeal and sentence review. It is the failure of first habeas counsel to pursue the petitioner's trial-related claims in the first habeas that forms the basis of

the petitioner's ineffective assistance of habeas counsel claim in this case.

With his appellate rights restored, the petitioner appealed to this court directly. The petitioner claimed that the trial court improperly failed to instruct the jury on intentional manslaughter in the first degree with a firearm[1] as a lesser included offense within the crime of murder. This court found that the petitioner was not entitled to the instruction because there had not been a proper request. Nonetheless, this court considered whether the charge could have been given as a matter of law. This court noted that intentional manslaughter requires the specific intent to seriously injure and reviewed the evidence. This court reasoned: "[W]hen asked why he shot the victim, the [petitioner] responded that he 'was very intoxicated so . . . [he] really had no control over [his] actions,' and he 'didn't know what [he] was doing.' This testimony is entirely inconsistent with the [petitioner's] claim on appeal that when he shot the victim, he possessed the specific intent to cause serious physical injury to the victim. Therefore, we conclude that the evidence does not support an instruction on intentional manslaughter in the first degree with a firearm." Id., 581.

Following his direct appeal, the petitioner commenced a second petition for a writ of habeas corpus, the subject of this case, alleging ineffective assistance of counsel claims as to trial counsel and first habeas counsel. The habeas court found that trial counsel was not deficient,[2] and that although first habeas counsel

---

[1] See General Statutes §§ 53a-55a and 53a-55 (a) (1).

[2] The habeas court also found that the prejudice prong of *Strickland* was not met because the petitioner did not prove that there was a reasonable probability that the jury would have found him not guilty of murder but guilty of the lesser included offense of intentional manslaughter with a firearm. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

was deficient, there was no prejudice to the petitioner. The habeas court denied relief in a decision from the bench on February 7, 2011. The petitioner then filed a petition for certification to appeal on February 15, 2011, which the habeas court denied. This appeal followed.

We now turn to the standard of review. When the habeas court denies certification to appeal, a petitioner faces a formidable challenge, as we will not consider the merits of a habeas appeal unless the petitioner establishes that the denial of certification to appeal amounts to an abuse of discretion. *Castonguay* v. *Commissioner of Correction*, 300 Conn. 649, 657, 16 A.3d 676 (2011). An abuse of discretion exists only when the petitioner can show "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis omitted; internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). "[For this task] we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, 449, 936 A.2d 611 (2007).

In order to establish an ineffective assistance of counsel claim a petitioner must meet the two-pronged test enunciated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Specifically, "the claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance." (Emphasis in original;

internal quotation marks omitted.) *Crocker* v. *Commissioner of Correction*, 126 Conn. App. 110, 116, 10 A.3d 1079, cert. denied, 300 Conn. 919, 14 A.3d 333 (2011). Because both prongs of *Strickland* must be demonstrated for the petitioner to prevail, failure to prove either prong is fatal to an ineffective assistance claim. See *Mock* v. *Commissioner of Correction*, 115 Conn. App. 99, 110, 971 A.2d 802, cert. denied, 293 Conn. 918, 979 A.2d 490 (2009).

On the basis of our review, we conclude that the habeas court did not abuse its discretion by denying certification to appeal. The habeas court concluded that the lesser included offense instruction was unavailable under *State* v. *Whistnant*, 179 Conn. 576, 427 A.2d 414 (1980). That conclusion is consistent with this court's decision in the petitioner's direct appeal. *State* v. *Jefferson*, supra, 114 Conn. App. 581. The petitioner argues that there was sufficient evidence to justify the charge of intentional manslaughter because there was "ample evidence of the petitioner's intent to cause serious physical injury . . . ." We disagree.

After carefully considering the record, we agree with the court that there was insufficient evidence to warrant giving the charge. As the charge was not supported as a matter of law, trial counsel could not have been deficient in failing to request it. Accordingly, the petitioner has failed to show that this issue is debatable among jurists of reason, that a court could have resolved the issue differently, or that the issue deserves encouragement to proceed further.

The petitioner also claims that his first habeas counsel was ineffective. As we have concluded that trial counsel was not ineffective, the petitioner cannot demonstrate that the deficient performance of habeas counsel was prejudicial. See *Edwards* v. *Commissioner of Correction*, 141 Conn. App. 430, 438, 63 A.3d 540 ("a

petitioner claiming ineffective assistance of habeas counsel on the basis of ineffective assistance of trial counsel must essentially satisfy *Strickland* twice: he must prove both [1] that his appointed habeas counsel was ineffective, and [2] that his trial counsel was ineffective" [emphasis omitted; internal quotation marks omitted]), cert. denied, 308 Conn. 940, 66 A.3d 882 (2013).

The appeal is dismissed.