******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GLENN JONES *v.* COMMISSIONER
OF CORRECTION
(AC 35216)

Lavine, Keller and Schaller, Js.

*Argued May 14—officially released August 5, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*Susan M. Hankins*, assigned counsel, for the appellant (petitioner).

*Katherine E. Donoghue*, deputy assistant state's attorney, with whom, on the brief, was *John C. Smriga*, state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Glenn Jones, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his fourth amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly (1) denied his petition for certification to appeal, and (2) denied his petition for a writ of habeas corpus. We dismiss the appeal.

The following facts, as recounted in the petitioner's direct appeal; *State* v. *Jones*, 68 Conn. App. 562, 563–65, 792 A.2d 148, cert. denied, 260 Conn. 917, 797 A.2d 515 (2002); and procedural history are relevant to our resolution of this appeal. The petitioner, his codefendant Gary Bell, and the victim, Edward Beltran, were all known for selling narcotics near Gonzalez' Grocery located at the corner of Harral Avenue and James Street in Bridgeport. Id., 563. On July 17, 1998, at approximately 12 a.m., Beltran visited Gonzalez' Grocery where witnesses placed the petitioner standing outside of the store. Id., 563–64. Beltran spoke with a store employee and eventually left the store, while the petitioner and Bell remained at the front door. Id., 564. Once Beltran reached his car, the petitioner and Bell began shooting at him, and as a result, Beltran was shot five times. Id., 564–65. Witnesses observed the petitioner and Bell flee the scene, with guns in their hands, in the direction of Harral Avenue. Id. The petitioner and Bell were both arrested and charged in connection with the shooting. Id.

At trial, Attorney Frank Riccio represented the petitioner. The jury found the petitioner guilty of attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a (a), assault in the first degree in violation of General Statutes § 53a-59 (a) (5), conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a (a), reckless endangerment in the first degree in violation of General Statutes § 53a-63 (a), criminal possession of a firearm in violation of General Statutes § 53a-217c, and carrying a pistol without a permit in violation of General Statutes § 29-35 (a). Id., 563, 565. The court, *Maiocco, J.*, sentenced the petitioner to a total effective term of twenty-six years imprisonment. Id., 565.

The petitioner appealed his conviction to this court, which affirmed the trial court's judgment. Id., 571. Thereafter, on May 29, 2012, the petitioner filed his fourth amended petition for a writ of habeas corpus, in which he alleged ineffective assistance of his trial counsel on the basis of counsel's failure, inter alia, to call three witnesses to testify: (1) Bridget Quinlan; (2) a medical expert; and (3) an eyewitness, Raquel Ortiz. The habeas court denied the petition for a writ of habeas corpus in a memorandum of decision filed July 31, 2012,

finding that the petitioner's trial counsel was not ineffective. The petitioner then filed a petition for certification to appeal, which the court denied on August 8, 2012. This appeal followed.

On appeal, the petitioner claims that the habeas court improperly determined that trial counsel's failure (1) to present expert medical testimony and (2) to call Quinlan and Ortiz at his criminal trial was not deficient performance or prejudicial to the petitioner. The petitioner claims that the testimony of a medical expert and the two named witnesses were necessary to substantiate his theory of defense that (1) he was incapable of running away from the crime scene, and (2) eyewitnesses identified the shooters as two masked men, not including the petitioner.

At the habeas trial, the petitioner argued that he was misidentified as one of the shooters because he was incapable of running away from the crime scene.[1] In support of this defense, the petitioner presented the expert testimony of Herbert Hermele, an orthopedic surgeon. Hermele testified that the petitioner was physically incapable of "running"[2] at the time of the incident in question. The habeas court, however, highlighted that, on cross-examination, Hermele admitted that the petitioner would have been able to move away from the crime scene quickly, if necessary. The habeas court found that trial counsel introduced evidence that, due to a prior injury, the petitioner is not able to run. The habeas court found, however, that the identification of the petitioner was not based on his physical ability to "run away from the scene of the crime . . . ." The habeas court determined that trial counsel's performance with respect to medical expert testimony was neither deficient nor prejudicial.

During the habeas trial, the petitioner called Quinlan and Ortiz to rebut the testimony of the state's witnesses as to the identifications of the petitioner as one of the shooters. The petitioner proffered that Quinlan had a conversation with Beltran after the shooting and that Beltran made an inconsistent statement as to the identity of his assailant. The objection of the respondent, the Commissioner of Correction, to this testimony was sustained, however, the habeas court found that, even if admitted, such testimony would have been merely cumulative.[3] In addition, the petitioner called Ortiz to testify that she was at the scene of the shooting and the petitioner was not the shooter. The habeas court found that Ortiz' testimony could not be considered " 'newly discovered' " or compelling because it was cumulative in light of other evidence that the petitioner was not one of the shooters. The habeas court determined that the petitioner failed to demonstrate that there was a reasonable basis to conclude that if such witnesses' testimony had been presented at trial the outcome of the trial would have been different.

It is well established that "[w]hen the habeas court denies certification to appeal, a petitioner faces a formidable challenge, as we will not consider the merits of a habeas appeal unless the petitioner establishes that the denial of certification to appeal amounts to an abuse of discretion . . . . An abuse of discretion exists only when the petitioner can show that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . [For this task] we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. . . .

"In order to establish an [in]effective assistance of counsel claim, a petitioner must meet the two-prong test enunciated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Specifically, the claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . Because both prongs of *Strickland* must be demonstrated for the petitioner to prevail, failure to prove either prong is fatal to an ineffective assistance claim." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Jefferson* v. *Commissioner of Correction*, 144 Conn. App. 767, 772–73, 73 A.3d 840, cert. denied, 310 Conn. 929, 78 A.3d 856 (2013).

On the basis of our review of the record, the briefs, and the arguments of the parties, we conclude that the habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal. We agree with the habeas court that the petitioner failed to meet his burden of showing that he was prejudiced by trial counsel's failure to call the aforementioned witnesses. The habeas court expressly found that the petitioner's theory of defense did not rest upon his inability to run. The habeas court also found that there was no reasonable basis to conclude that if Quinlan and Ortiz had testified at trial, the result of the proceeding would have been different. See *Strickland* v. *Washington*, supra, 488 U.S. 694–95. In light of this determination, we need not reach the deficient performance prong of *Strickland*. We conclude that the petitioner has failed to establish that the issues he has raised are debatable among jurists of reason, that a court could resolve his claims in a different manner, or that the issues raised by the petitioner are adequate to cause this court to proceed to consider them. See *Simms* v. *Warden*, 230 Conn. 608, 618, 646 A.2d 126 (1994). Accordingly, the habeas court did not abuse its discretion in denying the

petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] At the criminal trial, witnesses identified the petitioner as a shooter running from the scene immediately after the shooting.

[2] Hermele distinguished the medical definition of running from a layperson's understanding of the term. He testified that the medical definition of running means a person can propel his body through space with both feet off of the ground.

[3] At the criminal trial, Beltran's inconsistent identification of the shooters was addressed numerous times.