******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAVID BRIDGES *v.* COMMISSIONER
OF CORRECTION
(AC 37549)

DiPentima, C. J., and Alvord and Pellegrino, Js.

*Argued September 7—officially released December 20, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Fuger, J.)

*David B. Rozwaski*, assigned counsel, for the appellant (petitioner).

*Matthew A. Weiner*, assistant state's attorney, with whom, on the brief, were *Leon F. Dalbec, Jr.*, former senior assistant state's attorney, *Michael Dearington*, former state's attorney, and *Tamara Grosso*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, David Bridges, appeals following the denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court, *Fuger, J.*, (1) abused its discretion by denying his petition for certification to appeal, and (2) improperly denied his petition for a writ of habeas corpus. Specifically, the petitioner claims that the habeas court erred in finding that his criminal trial attorney and his previous habeas attorney did not render ineffective assistance. We disagree, and dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our resolution of this appeal. On March 8, 2001, the petitioner entered guilty pleas pursuant to the *Alford* doctrine[1] in two separate cases that were pending in the New Haven judicial district. In the first case, Docket No. CR-95-423523, the petitioner pleaded guilty to attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-70 (a), and unlawful restraint in the first degree in violation of General Statutes § 53a-95. In the second case, Docket No. CR-99-484012, the petitioner pleaded guilty to aiding aggravated sexual assault in the first degree in violation of General Statutes §§ 53a-8 and 53a-70a (a) (4), aggravated sexual assault in the first degree in violation of § 53a-70a (a) (4), conspiracy to commit sexual assault in the first degree in violation of General Statutes §§ 53a-48 and 53a-70 (a) (1), aiding sexual assault in the third degree in violation of General Statutes §§ 53a-8 and 53a-72a (a) (1), and aiding burglary in the first degree in violation of General Statutes §§ 53a-8 and 53a-101 (a) (2). During the plea process, the petitioner was represented by his trial attorney.

Prior to sentencing, the petitioner filed motions as a self-represented party to withdraw his guilty pleas and for the appointment of new counsel. On May 2, 2001, the trial court, *Fasano, J.*, granted his motion to dismiss his trial attorney. After the court appointed a new attorney to represent the petitioner, the petitioner filed a formal motion to withdraw his pleas on the basis of ineffective assistance of counsel.

The trial court denied the motion to withdraw on June 7, 2001, following an evidentiary hearing. Both the petitioner and his trial attorney testified at the hearing. The court specifically found that there was nothing in the record to indicate that the petitioner's trial attorney had rendered anything less than effective assistance. In addition, the court found that the petitioner heard, understood, and responded to the plea canvassing voluntarily and intelligently, and that there was no visible effort to disrupt the proceeding. After the denial of his motion to withdraw the guilty pleas, the court sen-

tenced the petitioner on September 7, 2001, to fifteen years imprisonment and ten years of special parole. The petitioner appealed the denial of his motion to vacate his pleas, and this court affirmed the judgment. *State* v. *Bridges*, 80 Conn. App. 903, 833 A.2d 948, cert. denied, 267 Conn. 907, 840 A.2d 1171 (2003).

On November 14, 2002, the petitioner filed an amended petition for a writ of habeas corpus (first habeas) claiming in a single count that his trial attorney provided ineffective assistance during the plea process. Both the petitioner and his trial attorney testified during the first habeas trial. In an oral decision rendered on August 10, 2004, the first habeas court, *White, J.*, denied the petition for a writ of habeas corpus, ruling that the petitioner failed to meet his burden of demonstrating that his trial attorney's performance was deficient or that the petitioner suffered any prejudice. The petitioner appealed the first habeas court's judgment on October 14, 2004, and this court dismissed the appeal on August 15, 2006. *Bridges* v. *Commissioner of Correction*, 97 Conn. App. 119, 122, 905 A.2d 103 (2006).

On November 10, 2014, the petitioner filed his amended second petition for a writ of habeas corpus. In a single count, the petitioner alleged that the attorney who represented him during his first habeas trial (first habeas attorney) provided ineffective assistance by failing to raise claims that his trial attorney performed deficiently by (1) failing to properly explain to the petitioner the terms, conditions, and consequences of special parole; and (2) failing to properly investigate each of the petitioner's cases. In addition, the petitioner alleged that his first habeas attorney performed deficiently by failing to "present testimony or evidence from witnesses who would have supported or aided possible defense claims with respect to each case . . . ."

Following a trial, the habeas court, *Fuger, J.*, denied the petitioner's second habeas petition on November 17, 2014, on the basis of the petitioner's failure to show that either his trial attorney or first habeas attorney performed deficiently. The petitioner filed a petition for certification to appeal, and the habeas court denied certification to appeal on November 25, 2014. This appeal from the habeas court's judgment regarding the second habeas petition followed.

On appeal, the petitioner claims that the habeas court improperly determined that his trial attorney's alleged failure (1) to ensure that the petitioner understood the consequences of pleading guilty to a term of special parole, and (2) to investigate the petitioner's defense, were not deficient performance or prejudicial to the petitioner. In addition, the petitioner claims that the habeas court improperly concluded that the petitioner's first habeas counsel was not ineffective in failing to properly raise these claims regarding his trial attorney's ineffectiveness.

It is well established that "[w]hen the habeas court denies certification to appeal, a petitioner faces a formidable challenge, as we will not consider the merits of a habeas appeal unless the petitioner establishes that the denial of certification to appeal amounts to an abuse of discretion. . . . An abuse of discretion exists only when the petitioner can show that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . [For this task] we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. . . .

"In order to establish an ineffective assistance of counsel claim, a petitioner must meet the two-prong test enunciated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Specifically, the claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . Because both prongs of *Strickland* must be demonstrated for the petitioner to prevail, failure to prove either prong is fatal to an ineffective assistance claim." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Jefferson* v. *Commissioner of Correction*, 144 Conn. App. 767, 772–73, 73 A.3d 840, cert. denied, 310 Conn. 929, 78 A.3d 856 (2013).

On the basis of our review of the record, the briefs, and the oral arguments of the parties before this court, we conclude that the second habeas court did not abuse its discretion in denying the petition for certification to appeal. We agree with the habeas court that the petitioner failed to meet his burden of showing that trial counsel rendered ineffective assistance by failing to ensure that the petitioner understood the consequences of pleading guilty to a term of special parole and by failing to investigate certain evidence. We also agree that the petitioner's first habeas attorney was not ineffective for failing to raise these two claims.

The following additional facts are relevant to our resolution of the petitioner's claims regarding his trial attorney's effectiveness. During the second habeas trial, the petitioner testified that he had never heard of the concept of special parole at the time he entered his guilty pleas. The petitioner further testified that his trial attorney never explained to him what a prison term that included special parole might entail. The petitioner also claimed in his brief to this court that his trial attorney failed "to investigate or discover evidence that would lead an attorney to change his recommendation

regarding a plea . . . ." The petitioner testified during the second habeas trial that he had told his trial attorney prior to entering his pleas that a codefendant from one of the pending sexual assault cases might have been able to provide helpful testimony for his defense. Although the petitioner's trial attorney did not testify during the second habeas trial, he did provide testimony during the first habeas trial. In the transcript of his testimony, which was entered into evidence at the second habeas trial, the trial attorney testified that none of the codefendants could have been compelled to testify in support of the petitioner at the time his pleas were entered.

Upon the conclusion of the evidence, the second habeas court found that the petitioner's claims regarding his trial attorney's effectiveness lacked merit. In its oral decision, the second habeas court, *Fuger, J.*, stated that the claim of not understanding special parole was a "red herring," and specifically found the petitioner's testimony to be "self-serving and unworthy of belief." In addition, the second habeas court concluded that "there is no doubt in this court's mind that [the petitioner] . . . received effective, adequate, and appropriate representation . . . at the trial level," and further stated that "[a]ny attack upon [the petitioner's trial attorney] cannot be made directly because that issue has been resolved by Judge White [in the first habeas trial] and affirmed on appeal."

Based on our review of the record, the only evidence supporting the petitioner's claims regarding the deficiencies of his trial attorney was the petitioner's own testimony, which the second habeas court explicitly rejected as not credible. "[T]his court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 741, 937 A.2d 656 (2007). There was no credible evidence presented showing that the petitioner's trial attorney did not properly investigate or advise the petitioner in accordance with his obligations. Accordingly, the petitioner has failed to show that the habeas court's findings were clearly erroneous.

Finally, the petitioner also claims that his first habeas attorney provided ineffective assistance by failing to raise the two aforementioned claims regarding the petitioner's trial attorney. The second habeas court emphatically concluded that "[t]his court has heard zero evidence that would allow it to conclude that [the petitioner's first habeas attorney] did anything other than

a fully professional, appropriate job as representative of [the petitioner] in his first habeas." Because there is nothing in the record to suggest that the petitioner's first habeas attorney was ineffective, this court concludes that the habeas court properly denied the habeas petition.

After our review of the record as a whole, we conclude that the petitioner has failed to establish that the issues he has raised are debatable among jurists of reason, that a court could resolve his claims in a different manner, or that the issues raised by the petitioner are adequate to cause this court to proceed to consider them. See *Simms* v. *Warden*, 230 Conn. 608, 618, 646 A.2d 126, 131 (1994). Accordingly, the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *Rodriguez* v. *Commissioner of Correction*, 167 Conn. App. 233, 234 n.1, 143 A.3d 630, cert. denied, 323 Conn. 929, A.3d (2016); *Misenti* v. *Commissioner of Correction*, 165 Conn. App. 548, 551 n.2, 140 A.3d 222, cert. denied, 322 Conn. 902, 138 A.3d 932 (2016).

———————————————