******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# LUIS PEREZ *v.* COMMISSIONER OF CORRECTION
## (AC 41160)

Prescott, Bright and Devlin, Js.

*Syllabus*

The petitioner, who previously had been convicted on a guilty plea of two
counts of murder and one count of assault in the first degree, sought
a writ of habeas corpus, claiming, inter alia, ineffective assistance of
trial counsel. During the trial of the present case, the petitioner and
A, the petitioner's grandmother, both testified that they met with the
petitioner's trial counsel, who threatened the petitioner that A and the
petitioner's cousin would go to prison if he did not plead guilty. The
habeas court rendered judgment denying the amended habeas petition
and, thereafter, denied the petition for certification to appeal, and the
petitioner appealed to this court. *Held* that the habeas court did not
abuse its discretion in denying the petition for certification to appeal;
the petitioner's claims essentially challenged the determination of the
credibility of witnesses by the habeas court, which is the sole arbiter
of witness credibility and expressly found that the testimony of the
petitioner and A, alleging that the petitioner had been coerced into
pleading guilty, was not credible, that was the only evidence offered to
support the petitioner's claims that his plea had been coerced and that
his trial counsel rendered ineffective assistance, and the credibility of
trial testimony is not debatable among jurists of reason.

Argued September 13—officially released November 5, 2019

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Hartford and tried to the court, *Sferrazza, J.*; judgment
denying the petition; thereafter, the court denied the
petition for certification to appeal, and the petitioner
appealed to this court. *Appeal dismissed.*

*Mark M. Rembish*, assigned counsel, for the appellant (petitioner).

*Kathryn W. Bare*, assistant state's attorney, with
whom, on the brief, were *John C. Smriga*, state's attorney, and *Emily Trudeau*, assistant state's attorney, for
the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Luis Perez, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) abused its discretion by denying his petition for certification to appeal, (2) improperly concluded that his trial counsel did not provide ineffective assistance, and (3) improperly concluded that his plea was not coerced or involuntary. We disagree and dismiss the appeal.

The record discloses the following facts and procedural history. The petitioner was charged in a substitute information with capital felony and related charges. A death qualified jury had been selected and trial was scheduled to begin on May 8, 2006. On May 5, 2006, the petitioner pleaded guilty to two counts of murder and one count of assault in the first degree. Subsequently, on July 21, 2006, the court sentenced the petitioner to sixty years of imprisonment.

On December 5, 2014, the petitioner filed his petition for writ of habeas corpus. His amended petition, submitted on May 31, 2017, alleged that his trial counsel, Attorneys Barry Butler and Miles Gerety, provided ineffective assistance of counsel in that they threatened him and coerced his guilty plea in violation of his right to due process of law. The habeas court, *Sferrazza, J.*, conducted a trial on November 9, 2017, during which it heard testimony from the petitioner; his grandmother, Ana Hernandez; Butler; and Gerety. The only evidence offered by the petitioner in support of his claim was his testimony and the testimony of Hernandez. The testimony indicated that, at some point prior to the petitioner's guilty plea, Hernandez and the petitioner's cousin were arrested for tampering with a witness in the petitioner's case. The petitioner and Hernandez both testified that they then met with Butler and Gerety on May 4, 2006, and, during that meeting, the attorneys threatened the petitioner that Hernandez and the petitioner's cousin would go to prison if he did not plead guilty. Butler and Gerety testified that they never used threats of imprisonment for the petitioner's relatives to coerce his guilty plea. Butler recalled that the petitioner already had decided to plead guilty by the time of the meeting, but had wanted to consult Hernandez before entering his plea and requested the May 4, 2006 meeting. Both attorneys further explained that they accommodated this request, hoping that Hernandez' presence would ease the petitioner's mind and "help him make his decisions rationally . . . ."

Following the habeas trial, the court issued a written memorandum of decision. It found that the testimony of Butler and Gerety was credible, while the testimony of the petitioner and Hernandez was not credible. Con-

sequently, the court determined that the petitioner had failed to establish either of the claims raised in his petition. The court thereafter denied the amended petition for a writ of habeas corpus and the petitioner's request for certification to appeal. This appeal followed.

"When the habeas court denies certification to appeal, a petitioner faces a formidable challenge, as we will not consider the merits of a habeas appeal unless the petitioner establishes that the denial of certification to appeal amounts to an abuse of discretion." *Jefferson* v. *Commissioner of Correction*, 144 Conn. App. 767, 772, 73 A.3d 840 (2013), cert. denied, 310 Conn. 929, 78 A.3d 856 (2013). An abuse of discretion exists only when the petitioner can show "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis omitted; internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). "[For this task] we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, 449, 936 A.2d 611 (2007).

On determinations of witness credibility, "[t]he habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. . . . Appellate courts do not second-guess the trier of fact with respect to credibility." (Citation omitted; internal quotation marks omitted.) *Necaise* v. *Commissioner of Correction*, 112 Conn. App. 817, 825–26, 964 A.2d 562, cert. denied, 292 Conn. 911, 973 A.2d 660 (2009). Accordingly, "[t]he issue of credibility is not debatable among jurists of reason" and, thus, cannot be used to overturn the decision of a habeas court. *Washington* v. *Commissioner of Correction*, 166 Conn. App. 331, 344–45, 141 A.3d 956, cert. denied, 323 Conn. 912, 149 A.3d 981 (2016).

The petitioner's claims essentially challenge the habeas court's determination of the credibility of the witnesses. The habeas court expressly found that the testimony of the petitioner and Hernandez, alleging that the petitioner was coerced into pleading guilty, was not credible. This was the only evidence offered to support the petitioner's claims that his plea was coerced and that his trial counsel were ineffective. Because the habeas court is the sole arbiter of witness credibility and the credibility of trial testimony is not debatable among jurists of reason, we cannot conclude that the habeas court abused its discretion by denying the petition for certification to appeal. *Washington* v. *Commissioner of Correction*, supra, 166 Conn. App. 344–45; *Necaise* v. *Commissioner of Correction*, supra, 112

Conn. App. 825–26.

The appeal is dismissed.

———————————————